NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD MOECK and JAMES WILBUR, JR., on behalf of themselves and all others similarly situated<br><br>     Plaintiffs,<br><br>vs.<br><br>GRAY SUPPLY CORPORATION,<br><br>     Defendant. | Civ. No. 03-1950(WGB)<br><br>**M E M O R A N D U M**<br>**O P I N I O N** |

APPEARANCES:

Jed Mendelson, Esq.
Mark Tabakman, Esq.
GROTTA, GLASSMAN & HOFFMAN, P.A.
75 Livingston Avenue
Roseland, New Jersey 07068

 Attorneys for Defendant Gray
 Supply Corporation


Paul G. Hunezak, Esq.
Stephen A. Snyder, Esq.
MORRIS, DOWNING & SHERRED, LLP
One Main Street
P.O. Box 67
Newton, New Jersey 07860

 Attorneys for Plaintiffs

**BASSLER, SENIOR DISTRICT JUDGE:**

  Plaintiffs, former employees of Defendant Gray Supply Corporation ("Company" or "Gray"), claim that Defendant failed to pay Plaintiffs overtime that they were entitled to, which violated the Fair Labor Standards Act ("FLSA") and the New Jersey

Wage and Hour Law ("Wage and Hour Law"). Plaintiffs also bring claims for fraud and negligent misrepresentation. Defendant now moves for summary judgment, and Plaintiffs move to certify a class on behalf of similarly situated employees who were required by Defendant to work overtime without pay.

## I.  Factual Background[1]

Defendant Gray is in the business of installing natural gas lines and mains for residential and commercial purposes. Amended Complaint ("Am. Compl.") ¶ 2. The assigned work hours for employees at Gray is from 7:30AM to 4:00PM with a thirty-minute lunch break. Declaration of Tabakman ("Tabakman Dec."), Moeck Dep., Ex., B 86:20-87:11. Employees are required to work an additional thirty minutes at both the beginning and the end of their shifts. Tabakman Dec., Dipasquale Dep., Ex. E, 20:20-21:13, 26:23-27:13. This time is referred to as "free time" by Gray's management. Id. Plaintiffs claim that since 1991, they and other Gray employees have not received pay for this additional hour worked. Am. Compl. ¶ 16. They further allege that they were informed that refusal to work overtime was grounds for termination. Tabakman Dec., Wilbur Dep., Ex. D, 53:13-14.

Plaintiff Moeck has worked for Gray three times. He began working around 1991 or 1992 until February 2002. He left for a

---

[1] All facts have been construed in the light most favorable to Plaintiffs, the nonmoving party. Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).

2

year and returned to work at Gray from 1994 to 1996. He then left for another year and joined the Company again in 1997 until he resigned in February 2002. Tabakman Dec., Moeck Dep., Ex. B, 7:20-24; 8:22-10:5; 11:14-20; 12:17-13:12; 13:25-14:10. Moeck testified that he had complained to the shop steward of his union and to his supervisors since 1992 about having to work free time. Id. at 19:23-20:2; 21:2-22:8; 23:5-24:4, 35:8-19.

Plaintiff Wilbur began working for Gray in 1994. Tabakman Dec., Wilbur Dep., Ex. D, 12:8-12. After his first day of employment, he was informed that he should be at work a half hour early. Id., 50:6-51:13; 127:4-128:8; 129:9-12. Wilbur also testified that he complained to his shop steward. Id. at 17:11-23; 55:17-25. Wilbur was laid off from Gray on April 4, 2002. Id. at 35:4-10.

At issue here is:

- Whether the FLSA preempts Plaintiffs' state common law claims.
- Whether the Labor Management Relations Act preempts all of Plaintiffs' claims.
- Whether Plaintiff Wilbur's FLSA and New Jersey Wage and Hour Law claims are time-barred.

The Court finds that the FLSA does preempt Plaintiffs' state common law claims, the Labor Management Relations Act does not preempt Plaintiffs' FLSA action and Wilbur's Wage and Hour Law

claims are time-barred.

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 & 1337(a) and supplemental jurisdiction over the remaining New Jersey statutory and common-law claims pursuant to 28 U.S.C. § 1367.

**II.  Fraud and Misrepresentation Claims Preempted by FLSA**

Counts three through six-Plaintiffs' fraud and negligent misrepresentation causes of action based on Gray's alleged affirmative misrepresentation and failure to disclose-are derived completely from Plaintiffs' overtime claims.  Defendant argues that these counts are therefore preempted by the FLSA. The Court agrees.

Although the law is unsettled as to whether the FLSA preempts state common law causes of action, most courts have held that claims directly covered by the FLSA (such as overtime), must be brought under the FLSA.  See e.g., Chen v. Street Beat Sportswear Inc., 364 F. Supp. 2d 269 (E.D.N.Y. 2005).  Courts that have considered this issue analyze whether the FLSA and common law claims are grounded in the same facts.  Petras v. Johnson, No. 92 CIV. 8298 (CSH), 1993 WL 228014, at *3 (S.D.N.Y. June 22, 1993) is instructive.

In Petras, which is similar to this case, the plaintiff alleged "fraud on the ground that the defendants knowingly and with intent to misrepresent and deceive the plaintiff made false

4

representations to him to lead him to believe that he was not entitled to overtime compensation." Id.  The court held that plaintiff's allegations of fraud "lies simply in concealing plaintiff's rights under the FLSA" and that the FLSA was the exclusive remedy for overtime payments.  Id.; see also Alexander v. Vesta Ins. Group, Inc., 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (holding plaintiffs could not merely recast "FLSA claims as common law claims" to recover damages not available under the FLSA); Johnston v. Davis Sec., Inc., 217 F. Supp. 2d 1224, 1227-28 (D.Utah 2002) (finding that plaintiff's common law claims, including gross negligence and negligent misrepresentation, were preempted under the FLSA because they were based on same facts and circumstances).

Likewise, Plaintiffs' contentions that Defendants "materially misrepresented" that its employees "would be paid for overtime" and "concealed the fact . . . that they [Defendant's employees] would be compelled to work additional time without compensation" merely are based on Plaintiffs' overtime claims.  Am. Compl. ¶¶ 31,38,46,51.  These claims are, therefore, preempted by the FLSA.[2]

---

[2] Because the Court has determined that these claims are preempted by the FLSA, the Court finds it unnecessary to address Defendant's argument that the state common law claims are time-barred and that Plaintiffs have failed to state a prima facie case for these claims.

5

**III. Labor Relations Management Act Preemption**

Gray argues that Plaintiffs' entire action is prohibited by the Labor Management Relations Act ("LMRA"), which was designed to encourage employees to promote their interests collectively. Defendants contend that Plaintiffs' claims are founded "directly on rights created by a collective bargaining agreement." Gray Memorandum of Law ("Gray Mem.")at 15. In <u>Barrantine v. Arkansas-Best Freight System, Inc.</u>, 450 U.S. 728 (1981), however, the Supreme Court held that FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purposes" of the statute and thwart the legislative policies that the Act was designed to effectuate. Moreover, the Court held that congressionally granted FLSA rights take precedence over any conflicting provisions in a collectively bargained compensation arrangement.

Under the FLSA, covered employers may not employ any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Plaintiffs' action is wholly based on "overtime wages to which they are entitled but have not received." Am. Compl. ¶ 4. The Supreme Court specifically stated in <u>Barrantine</u> that the complex questions of fact and law, "e.g., what constitutes the 'regular rate,' the

6

'workweek,' or 'principal' rather than 'preliminary or postliminary' activities are statutory questions properly resolved under the FLSA." Barrantine, 450 U.S. at 728.

Plaintiffs correctly assert that the case relied on by Gray is inapposite to this one. Valdino v. Valley Engineers, 903 F.2d 254 (3d Cir 1990) involved the proper wage rate that should be applied to a worker, who claimed he should be compensated at the rate of a "journeyman" under the contract. The Third Circuit held that the LMRA preempted the FLSA where the plaintiff's claims "rest on interpretations of the underlying collective bargaining agreement." Id. at 266. That is not the case here. Plaintiffs' claims are not based on an interpretation of the collective bargaining agreement with respect to the appropriate wage rate, but are based on their contention that they are entitled to overtime. Plaintiffs are not barred by the LMRA from pursuing these claims under the FLSA merely because its contractual and statutory rights arise from the same factual occurrence.

**IV.  Wilbur's FLSA and Wage and Labor Law Claims**

    A.  FLSA

The statutory scheme of the FLSA presumes a two-year statute of limitations but provides for a longer, three-year period if a plaintiff can show that the defendant's violation of the FLSA has been "willful." 29 U.S.C. § 255(a). The Supreme Court in

7

McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988), held that the term "willful" means "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."

Plaintiffs and Leo Dipasquale–a non-party witness–have testified that they repeatedly complained to their supervisors about not receiving overtime pay and nothing was ever done about it.  Tabakman Dec., Moeck Dep., Ex. B. 40:7-42:25; Tabakman Dec., Dipasquale Dep., Ex. E. 36:25-39:24; 65:23-66:18.  Plaintiff Moeck also testified that after he complained about being required to work "free time" without pay, his supervisor informed him that "if [he or other employees] didn't want to do the time, to find a new job."  Tabakman Dec., Moeck Dep., Ex. B, 26:24-27:1.  Dipasquale further noted during his deposition that the policy requiring "free time" at Gray ended only a couple of weeks prior to his deposition.  Dipasquale Dep., Ex. E. 68:22-69:7.

As the collective bargaining agreement governing Gray's relationship with union employees expressly follows the FLSA stating that [a]ll time worked in excess of eight hours shall be paid at the rate of time and one-half the applicable rate, the Court finds that Plaintiffs have raised a genuine issue of material fact that Gray's conduct was a "willful" violation of the FLSA.  Therefore, the Court finds that since the amended complaint was filed on April 28, 2004 and Plaintiff Wilbur was

8

laid off in April 2002, his FLSA claim is timely.[3]

B.  Wage and Hour Law

A year after its enactment, the Wage and Hour Law was amended to add a two-year statute of limitations. Troise v. Extel Commc'n., Inc., 345 N.J. Super. 231 (App. Div. 2001). The Wage and Hour Law, however, does not contain a provision similar to the FLSA which makes an exception for willful conduct. Therefore, Wilbur's action is not timely with regard to the Wage and Hour Law.[4]

Plaintiffs argue, however, that it is well-settled that the commencement of a class action tolls the statute of limitation as to all putative class members. Pls. Mem. at 9; (citing Crown, Cork & Seal Co., Inc., v. Parker, 462 U.S. 345, 353-54(1983)). Although Plaintiffs are correct in its assertion, commencement of an action as a class action suspends the applicable statute of limitations during the interim period from commencement until refusal to certify the class. Ravitch v. Pricewaterhouse, 793

---

[3] The courts uniformly have adopted the approach that under the FLSA "a separate cause of action accrued each payday when the [employer] excluded the overtime compensation claim." Although Plaintiffs Wilbur and Moeck may not be entitled to claims made prior to the three-year statutory period, Defendant Gray has not raised this argument and the Court is therefore reluctant to address it.

[4] Although Plaintiffs argue that the date Gray states Wilbur was laid off, April 4, 2002, is in dispute, Plaintiffs have provided no evidence to rebut the Defendant's evidence to show that this date is incorrect. Plaintiffs' Memorandum of Law ("Pls. Mem.") at 9, n.3.

9

A.2d 939 (Penn. 2002) (emphasis added). The statute of limitations for Wilbur's Wage and Hour Law claim had already expired before the class action suit had even been filed, therefore, his claim cannot be tolled pursuant to this rule.

**V. Plaintiffs' Class Certification Motion**

    A.   FLSA

Class actions under the FLSA are governed by 29 U.S.C. § 216(b). Unlike Federal Rule of Civil Procedure Rule 23, § 216(b) of the FLSA establishes an opt-in system for collective actions, mandating that "[n]o employee shall be a party plaintiff to any such action [under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Under § 216(b), there are two threshold requirements for an action to proceed as a collective action: (1) class members must be "similarly situated" and (2) all members must affirmatively consent to join the action. Goldman v. Radio Shack Corp., No. 2:03-CV-0032, 2003 U.S. Dist. LEXIS 7611 (E.D. Pa. April 17, 2001).

In the absence of Third Circuit or Supreme Court guidance on who are "similarly situated" employees under § 216(b), a two tier test has developed amongst district courts in the Third Circuit. Id. at * 20; see also Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493 (D.N.J. 2000). At the "notice stage"–where

the court determines whether notice should be given to potential class members-the court's determination typically results in "conditional certification" of a representative class.  <u>Morisky</u>, 111 F. Supp. 2d at 497.  At this stage, some courts have required nothing more than "substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  <u>Id.</u>[5]  In the second stage, after the court has more evidence and the case is ready for trial, the court applies a stricter standard.

Even though court's have recognized that the notice stage, which this case is currently in, is a lenient standard, the Court finds that Plaintiffs have failed to meet this standard. Plaintiffs have provided little evidence that the class members that they seek to represent were the victims of a single policy, decision or plan.

Plaintiffs have established that one supervisor, Shawn McCord, required his workers to work "free time."  <u>See</u> <u>e.g.</u>, Tabakman Dec., DiPasquale Dep., Ex. E, 36:3-38:9, 45:17-19. Although Plaintiff Moeck mentions Ed Smock as another supervisor who had used the phrase "free time," Plaintiffs have failed to establish that other supervisors employed the same policies as

---

[5]Although Defendant's assert that the Court should apply the modest factual showing standard applied by some courts in the first stage, the Court finds it unnecessary to address this issue as Plaintiffs' have failed to satisfy the more lenient standard.

McCord.  Although Plaintiffs intend on representing "all employees of Gray Supply who have and are required by Gray Supply to work in excess of forty (40) hours," based on Plaintiffs' own testimony, practices and reporting requirements are different at each of the four "yards" where Plaintiffs and potential class members work.    See e.g., Tabakman Dec., Moeck Dep., Ex. B, 106:11-18.  Plaintiffs further admit that at times they were allowed to drive directly to and from a project site.  See Tabakman Dec., Moeck Dep., Ex. B, 70:20-71-9 (Moeck testified for at least six months he drove directly to and from his project site and was not entitled to overtime payments during that period).  In addition, there was a call-in policy that at least DiPasquale was aware of, which allowed him to call into the office the night before and find out the location of his job so that he could go there directly, which kept him from having to work "free time."  Tabakman Dec., DiPasquale Dep., Ex. E, 54;12-24.

   Because of the many potential distinctions of each putative class member's claim, the Court finds that this case is not an appropriate one for class action certification, even at this early stage in the action.  Based on the current evidence, the proposed class is not "similarly situated" or the victims of a single policy or plan.  The Court also believes that this determination is consistent with § 216(b) of the FLSA's purpose,

12

which was to limit private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions, therefore, the Court denies certification.

    B.  <u>Wage and Hour Law</u>

Plaintiff Moeck's Wage and Hour Law claim is also not suitable for class action treatment. First, as discussed above, Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions. <u>Hoffmann-La Roche, Inc. v. Sperling</u>, 493 U.S. 165, 173 (1989). Allowing Plaintiff Moeck to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions. See <u>McClain v. Leona's Pizzeria, Inc.</u>, 222 F.R.D. 574 (N.D. Ill. 2004).

Second, under Federal Rule of Civil Procedure Rule 23, which governs other class action claims, Plaintiffs would have to meet the prerequisites of commonality and typicality, amongst other things. As discussed above, Plaintiffs have failed to show that common issues predominate over individual issues or that their claims are typical of others in the class. <u>Mulder v. PCS Health Systems, Inc.</u>, 216 F.R.D. 307 (D.N.J. 2003).

**VI. Conclusion**

For the reasons stated in this Opinion, this Court **denies** Defendant's motion for summary judgment on Count One, **grants** Defendant's motion for summary judgment on Count Two with regard to Plaintiff Wilbur and grants Defendant's motion for summary judgment on Counts Three, Four, Five and Six.  The Court further **denies** Plaintiffs' motion for class certification.

An appropriate Order accompanies this Opinion.

 /s/ William G. Bassler  
WILLIAM G. BASSLER, U.S.S.D.J.

Dated: January 5, 2006